ANDREW SPRING & others *vs.* THOMAS H. HASKELL & others.

In an action against a carrier to whom goods have been intrusted, for not delivering them according to contract, the measure of damages is the value of the goods at the place of delivery and at the time when they should have been delivered; with interest from that time.

ACTION containing counts in contract and tort against the owners of the brig Boston, for the value of a cargo of lumber shipped on her at Portland for Buenos Ayres. At the trial in this court, the chief justice ruled that the measure of damages was the value of the lumber, if it had been carried and delivered at its port of destination, and admitted evidence to show such value. The jury returned a verdict for the plaintiffs, with damages in the sum of $4963.09; and the question of the correctness of the ruling was reserved for the opinion of the whole court.

*C. W. Loring*, for the defendants, cited *The Schooner Lively*, 1 Gallis. 314; *Smith* v. *Condry*, 1 How. (U. S.) 28; *The Amiable Nancy*, 3 Wheat. 546; *The Anna Maria*, 2 Wheat. 327; *Boyd* v. *Brown*, 17 Pick. 453.

*G. O. Shattuck*, for the plaintiffs, cited *Ingledew* v. *Northern Railroad*, 7 Gray, 86; *Bailey* v. *Shaw*, 4 Fost. (N. H.) 297; *Laurent* v. *Vaughn*, 30 Verm. 90; *Bracket* v. *M'Nair*, 14 Johns. 170; *O'Conner* v. *Forster*, 10 Watts, 418; *Brandt* v. *Bowlby*, 2 B. & Ad. 932; Angell on Carriers, § 482; Sedgwick on Damages, (3d ed.) 356.

CHAPMAN, J.   In an action against a carrier to whom goods have been intrusted, for not delivering them according to contract, the measure of damages is the value of the goods at the place of delivery and at the time when they should have been delivered; with interest from that time.   This rule is fully sustained by the authorities cited for the plaintiffs.

The defendants contend that the rule should be the prime cost of the goods and interest.   But in case the goods were worth much less than the prime cost, at the time and place of delivery, and were lost through the negligence of the carrier, this rule would be unjust to him.   On the other hand, if they were worth much more than the prime cost, it would enable the carrier to appropriate the profits to himself by a refusal to deliver the goods, and in such case the rule would be unjust to the owner.   The established rule is just in all cases.

The authorities cited for the defendants relate to actions against strangers for injuries tortiously done to goods *in transitu;* as by collision, by illegal capture or detention, or by marine trespass.   In such cases a different rule prevails; and therefore the authorities are not applicable to this case.   The distinction is well settled.          *Judgment on the verdict.*